USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
S.T.A. PARKING CORP.,                                            :
                                                                 :
                                        Plaintiff,               :
                                                                 :          1:19-cv-4250-GHW
                -against-                                        :
                                                                 :          MEMORANDUM OPINION
GENERAL STAR INDEMNITY COMPANY,                                  :                AND ORDER
                                                                 :
                                        Defendant.               :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

    Defendant General Star Indemnity Company ("General Star") insured a subcontractor that worked on an excavation project for Plaintiff S.T.A. Parking Corporation ("STA"). The subcontractor damaged an adjacent property, and a state court ultimate found STA liable for millions of dollars in damages. STA now seeks indemnification from General Star pursuant to its subcontractor's insurance policy. General Star moved to dismiss, arguing that STA's claims are time barred. But the essence of STA's claims—pleaded as a breach of contract claim, a claim under New York insurance law, and as a garnishment action—are inherently contractual, and are therefore governed by New York law's six-year statute of limitations. Because STA filed this action well-within those six years, General Star's motion is denied.

## I. BACKGROUND

    STA, a New York corporation, owned a parking garage at 433 East 76th Street and 434 East 77th Street in New York City. In October 2004, after deciding to create a subbasement in the garage, six feet below the existing basement, STA contracted out the job to King Sha Group, Inc. who, in turn, subcontracted the excavation and underpinning work to Golden Vale Construction Corporation ("Golden Vale").

Golden Vale purchased a commercial general liability insurance policy from AXIS Specialty Insurance Company ("AXIS") that provided a $1,000,000 per occurrence limit. Decl. of Gary P. Seligman ("Seligman Decl."), Dkt. No. 28, Ex. A at 1; Am. Compl. ("AC"), Dkt. No. 20, ¶ 11. Golden Vale also purchased an excess commercial general liability policy (the "General Star Policy") with a per occurrence coverage limit of $10,000,000 from General Star, a Delaware corporation with its principal place of business in Connecticut, that would indemnify Golden Vale if necessary after the AXIS policy was paid out. AC ¶¶ 2, 12-14; Seligman Decl., Ex. A at 1.

Shortly after beginning construction, Golden Vale's underpinning work damaged the structural integrity of a neighboring rental apartment building and caused millions of dollars of damage. In the ensuing years, the building had to vacate its tenants, leaving its owners to suffer lost rental income and other costs. Around March 2005, Golden Vale stopped work on the project completely and its owner fled the country.

The owners of the neighboring property and its insurance company sued STA for damages in state court in October 2007. In July 2010, STA sued Golden Vale for indemnification, and provided General Star with notice of the action a few days later. General Star asserted that it did not owe Golden Vale any coverage, and did not defend Golden Vale in STA's suit. On November 7, 2013, the New York Supreme Court entered judgment against Golden Vale in favor of STA for approximately $3.8 million, and STA served the judgment on Golden Vale, AXIS, and General Star. *Id.* ¶¶ 36–39.

AXIS paid STA on October 6, 2016; General Star never did. So STA sued General Star in state court for the proceeds of the General Star Policy in December 2018, and General Star removed to federal court in July 2019. Dkt. No. 24. STA alleged that it was due the proceeds of the General Star Policy under the policy's terms, and as a judgment creditor under various provisions of New

2

York law. General Star moved to dismiss, arguing that STA cannot sue for breach of contract because it is not a third-party beneficiary of the contract, and that STA's clams are time-barred.

## II. LEGAL STANDARD

For a complaint to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it "must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Courts follow a "two-pronged approach" in determining plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (brackets and internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). Second, a court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). This analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"At the motion to dismiss stage, dismissal of a complaint on the grounds that the statute of limitations has expired is appropriate only if the complaint clearly shows the claim is out of time." *Levy v. BASF Metals Ltd.*, No. 1:15-cv-7317-GHW, 2017 WL 2533501, at *4 (S.D.N.Y. June 9, 2017) (quotation omitted), *reconsideration denied*, 2017 WL 4480186 (S.D.N.Y. Oct. 6, 2017), *aff'd*, 917 F.3d 106 (2d Cir. 2019). A district court may consider not only the "facts stated on the face of the complaint," but also "documents appended to the complaint or incorporated in the complaint by reference," as well as "matters to which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999).

## III. DISCUSSION

STA's complaint advances three claims: a claim under New York Insurance Law § 3420, a claim for breach of the General Star Policy, and enforcement of the state court judgment under CPLR § 5201. In moving to dismiss, General Star argues that all three are barred by New York law's three-year statute of limitations for liabilities imposed by statute. General Star also alleges that STA cannot sue for breach of contract because it was not a valid third-party beneficiary of the General Star Policy. This Court addresses each claim in turn.

### A. New York Insurance Law § 3420 Claim

Section 3420 of New York's Insurance Law permits an injured third party that "has obtained a judgment against the insured" to sue an insurer "for damages for injury sustained or loss or damage occasioned during the life of the policy or contract." N.Y. Ins. Law § 3420(b)(1); *see also Commonwealth Land Title Ins. Co. v. Am. Signature Servs., Inc.*, No. 13-CV-3266 JFB WDW, 2014 WL 672926, at *5 (E.D.N.Y. Feb. 20, 2014). Armed with this provision, STA is suing General Star for the money it owes Golden Vale pursuant to the General Star Policy.

"It has long been established as a matter of federal law that state statutes of limitations govern the timeliness of state law claims under federal diversity jurisdiction." *Coleman & Co. Secs., Inc. v. Giaquinto Family Tr.*, 236 F. Supp. 2d 288, 299 (S.D.N.Y. 2002) (citing *Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir. 1989)). To determine the statute of limitations under New York law, courts "look through" the form in which a claim is pleaded and identify the essence of its cause of action. *People v. Credit Suisse Sec. (USA) LLC*, 31 N.Y.3d 622, 633 (2018); *see also Contact Chiropractic, P.C. v. N.Y.C. Transit Auth.*, 31 N.Y.3d 187, 196 (2018) ("There is no dispute that it is the gravamen or essence of the cause of action that determines the applicable Statute of Limitations." (quoting *Western Elec. Co. v. Brenner*, 41 N.Y.2d 291, 293 (1977)); *accord State v. Cortelle Corp.*, 38 N.Y.2d 83, 86 (1975) ("In

4

applying a Statute of Limitations it is basic that one look to the essence of plaintiff's claim and not to the form in which it is pleaded . . . .").

The essence of STA's claim is contractual. Paragraph seven of the contract between Golden Vale and General Star states that:

> If the amount of ultimate net loss becomes certain either through trial court judgment or agreement among the insured, the claimant, or the claimant's legal representative, and us, then, the insured may pay the amount of ultimate net loss to the claimant to effect settlement and upon submission of due proof thereof, we will indemnify the insured for the part of such payment which is in excess of the underlying insurance, or we will, upon request of the insured, make such payment to the claimant on behalf of the insured after the underlying insurers have paid or have been held legally liable to pay the full amount of their respective limits of liability as stated in the SCHEDULE OF UNDERLYING INSURANCE.

Seligman Decl., Ex. A ¶ 7 (emphases omitted). The fact that the contractual provision through which STA seeks to enforce the judgment against Golden Star was mandated by New York Insurance Law § 3420(a)(2) does not, as Defendant asserts, transform this claim from a contractual one into a statutory one. *See Mandarino v. Traveler Prop. Cas. Ins. Co.*, 831 N.Y.S.2d 452, 454 (2d Dep't 2007) (applying the six-year statute of limitation for contractual obligations instead of the three-year statute of limitations for liabilities imposed by statute because "the inclusion of terms in an insurance contract, which might be mandated by various statutes or regulations, does not necessarily alter the fundamentally contractual nature of the dispute"); *Micha v. Merchants Mut. Ins. Co.*, 463 N.Y.S.2d 110, 111 (3d Dep't 1983) ("Plaintiff's cause of action clearly seeks recovery of damages for defendant's alleged breach of its obligation to pay first-party benefits, an obligation created by contractual provisions contained in its insurance policy as required by law (Insurance Law, § 672), and thus the action must be commenced within six years (CPLR 213).").

Language that the Court must read into the contract because it is less favorable to the insured and judgment creditors is also fundamentally contractual, even though it is mandated by statute. Under New York Insurance Law, "[n]o policy or contract insuring against liability for . . .

injury to, or destruction of, property shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions that are *equally or more favorable* to the insured and to judgment creditors so far as such provisions relate to judgment creditors." N.Y. Ins. Law § 3420(a) (emphasis added). Where the terms of an insurance policy are less favorable to judgment creditors than those required by law, courts read into the contract the terms required by law. *See Dingle v. Prudential Prop. & Cas. Ins. Co.*, 85 N.Y.2d 657, 660 (1995) ("Any policy language that conflicts with the regulation, or which is less generous to the insured, will be deemed unenforceable and superseded by the regulation.").

Some of the provisions in the General Star Policy are less favorable than those provided by section 3420(a)(2), such as the "actual trial" requirement.[1] Even if the Court reads those into the General Star Policy, the essence of STA's claim remains contractual. Thus, STA's § 3420 claim is governed by New York contract law's six-year statute of limitation.

**B. Breach of Contract Claim**

STA has also brought a breach of contract claim against General Star. AC ¶ 65. Although section 3420(b) provides third parties the right to sue for the enforcement of a particular insurance policy, some policies themselves furnish third parties that right. But it must be "clear from the language of the contract that there was an intent to permit enforcement by the third party." *Dormitory Auth. v. Samson Constr. Co.*, 30 N.Y.3d 704, 710 (2018) (quotation omitted). Specifically, "to succeed on a third party beneficiary theory, a non-party must be the intended beneficiary of the contract, not an incidental beneficiary to whom no duty is owed." *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 251 (2d Cir. 2006) (quoting *County of Suffolk v. Long Island Lighting Co.*, 728 F.2d 52,

---

[1] Even small changes from the statue's language that affect policy beneficiaries' rights can render a policy noncompliant. *See Lane v. Sec. Mut. Ins. Co.*, 96 N.Y.2d 1, 4 (2001) ("[B]ecause plaintiff's fire insurance policy excludes coverage for acts committed by 'an insured' rather than by 'the insured,' defendant provides significantly less coverage than that required in the standard insurance policy set forth in [the Insurance Law] . . . ." (quoting *Lane v. Sec. Mut. Ins. Co.*, 668 N.Y.S.2d 1021, 1022 (N.Y. Sup. Ct. 1998))).

6

63 (2d Cir. 1984)). "A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." *Id.* (quoting *State of Cal. Pub. Employees. Ret. Sys. v. Shearman & Sterling,* 95 N.Y.2d 427, 434–35 (2000)).

Plaintiff is not a named beneficiary of the General Star Policy, but the policy clearly evinces its intent that a third party such as Plaintiff might enforce it. For one, section seven of the policy notes that, upon Golden Vale's request, General Star will pay a third-party claimant. Seligman Decl., Ex. A § 7. The policy also states that even absent such a request, "[a] person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial . . . ." Seligman Decl., Ex. A § 4(6) (emphasis omitted). *Cf. Tillman v. Fireman's Fund Ins. Co.*, 590 F. Supp. 246, 250 (S.D.N.Y. 1984) (third party had no right of action against insurer under insurance policy that expressly prohibited third parties from suing the insurer). Thus, independent of its rights under New York Insurance Law, STA can sue for breach of contract pursuant to the terms of the General Star Policy. And because this, too, is a contractual claim, the six-year statute of limitations for contract actions under New York law applies.

C. **Enforcement under Article 52**

Article 52 of the New York Civil Practice Law and Rules sets out a procedure for the enforcement of money judgments. The first section describes the type of assets that New York law makes subject to enforcement: "money judgment may be enforced against any debt, which is past due or which is yet to become due, certainly or upon demand of the judgment debtor." N.Y. C.P.L.R. § 5201(a). "A debt may consist of a cause of action which could be assigned or transferred." *Id.* Under § 5201(b), "[a] money judgment may be enforced against any property

7

which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, unless it is exempt from application to the satisfaction of the judgment." N.Y. C.P.L.R. § 5201(b). And New York courts have held that insurance policies may constitute debts against which a money judgment may be enforced pursuant to C.P.L.R. § 5201(a)). *See Guercio v. Hertz Corp.*, 40 N.Y.2d 680, 686 (1976). Later subsections of Article 52 describe the process by which a judgment creditor can reach a particular asset. *See, e.g.*, N.Y. C.P.L.R. § 5227.

Golden Star argues that STA cannot employ Article 52 here. For one, it contends that section 3420 provides an exclusive remedy for judgment creditors against insurers, barring STA from using Article 52 to collect on the judgment it won in state court. *See* MTD at 18. This is incorrect—the text of section 3420 does not conflict with Article 52 with respect to general commercial insurers. *Cf. WABCO Trade Co., Div. of World Standard Exp. v. SS Inger Skou*, 663 F.2d 369, 371 (2d Cir. 1981) (noting that while Article 52 generally permitted "judgment creditors to reach debts to satisfy their judgments," another statute specifically exempted marine insurers from rights of action by judgment creditors against the liability insurers of judgment debtors, thereby creating a conflict between the two statutes "when the purported debt is a marine insurance policy"). STA is therefore entitled to employ either method of collecting on its judgment. *See Guercio*, 40 N.Y.2d at 686.

In the alternative, General Star argues that if STA proceeds under Article 52, its underlying enforcement claim should be subject to the same statute of limitations as its claim under section 3420—a period of limitations that, it asserts, is three years. But, as explained above, the essence of STA's underlying claim here is a contractual one. Thus, regardless of which vehicle STA used to enforce its judgment, it had six years to do it.

## IV. CONCLUSION

Because the Court determines that STA's claims are subject to New York law's six year statute of limitations, it need not reach the question of when the statute began to run. Regardless of whether it began to run, as General Star contends, in December 2013 (thirty days after New York Supreme Court entered judgment for STA and General Star failed to pay), or whether it began to run in October 2016 (when AXIS paid its portion of the judgment), STA filed this case on December 31, 2018, a date well within that six year period. Thus, Defendant's motion to dismiss is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 27.

SO ORDERED.

Dated: December 23, 2019  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge