USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
S.T.A. PARKING CORP.,                            :

                         Plaintiff,     :

                      -against-           :

GENERAL STAR INDEMNITY COMPANY,  :

                     Defendant.   :
-----------------------------------------------------------------X

1:19-cv-4250-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

In its January 24, 2020 motion, General Star Indemnity Company ("General Star") asks this Court to certify its December 23, 2019 decision for immediate appeal under 28 U.S.C. § 1292(b).

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Thus, interlocutory appeals are "strongly disfavored." *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp .2d 241, 282 (S.D.N.Y. 2010). Even so, a district court may certify for appeal an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). "The moving party has the burden of establishing all three elements." *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (quoting *Segedie v. The Hain Celestial Grp., Inc.*, No. 14–CV–5029, 2015 WL 5916002, at *1 (S.D.N.Y. Oct. 7, 2015)).

Still, "even when the elements of section 1292(b) are satisfied, the district court retains 'unfettered discretion' to deny certification." *Garber v. Office of the Comm'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 162–63 (E.D.N.Y. 1999)). "Such unfettered discretion can be for 'any reason, including docket congestion' and 'the system-wide costs and benefits of allowing the appeal.'" *In re Facebook,*

*Inc., IPO Sec. & Derivative Litig.,* 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (quoting *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir. 1990)).

General Star has not established that the statutory factors are met here. Defendant cites all the same cases here as it did in its original motion to dismiss, and fails to grapple with the controlling Court of Appeals decisions the Court relied on in determining that New York courts "look through" the form in which a claim is pleaded and identify the essence of its cause of action. *People v. Credit Suisse Sec. (USA) LLC*, 31 N.Y.3d 622, 633 (2018); see also *Contact Chiropractic, P.C. v. N.Y.C. Transit Auth.*, 31 N.Y.3d 187, 196 (2018) ("There is no dispute that it is the gravamen or essence of the cause of action that determines the applicable Statute of Limitations." (quoting *Western Elec. Co. v. Brenner*, 41 N.Y.2d 291, 293 (1977)); *accord State v. Cortelle Corp.*, 38 N.Y.2d 83, 86 (1975) ("In applying a Statute of Limitations it is basic that one look to the essence of plaintiff's claim and not to the form in which it is pleaded . . . ."). True, no direct Second Circuit or New York Court of Appeals precedent exists, but these cases informed the Court's analysis in looking through Plaintiff's New York Insurance Law § 3420 claim and finding it inherently contractual. *See* Opinion, Dkt. No. 32, at 4-6. And even if the cases that Defendant cited were persuasive, "[t]he fact that there is [ ] some level of disagreement among the courts does not mean . . . that the standards of 1292(b) are necessarily satisfied." *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) (denying certification even where the Court cited contrary authority after canvassing available authorities and concluding that persuasive authority supported its position); *cf. Chavez v. Occidental Chem. Corp.*, 300 F. Supp. 3d 517, 538 (S.D.N.Y. 2018), *reconsideration denied*, No. 17 CIV. 3459 (PAE), 2018 WL 620488 (S.D.N.Y. Jan. 29, 2018) (granting certification when district courts within the Second Circuit had split on the question of cross-jurisdictional tolling and the Second Circuit had certified a similar question involving Virginia law to the Supreme Court of Virginia).

In determining whether to certify an opinion for interlocutory appeal, courts place particularly heavy weight on whether an "immediate appeal may avoid protracted litigation." *Koehler*,

101 F.3d at 866; *see also Westwood Pharmaceuticals, Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85 (2d Cir. 1992) (disapproving of section 1292(b) certification where it was "not clear" that disposition of certified issues would materially advance ultimate determination of the case); *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y.1998) ("requirement that an immediate appeal must materially advance the termination of the litigation is strictly construed"). As even General Star acknowledges, certification may not even dispose of all of the issues in this case—the parties still dispute when Plaintiff's section 3420 claim accrued, and Plaintiff also pleaded a separate breach of contract claim.

Even assuming the three statutory factors under section 1292 are met, the Court retains "unfettered discretion" to deny certification. *Transp. Workers Union of Am., Local 100 v. NYC Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005) (quotation omitted). In its discretion, the Court determines that further delay of any resolution of this case would not further judicial economy, and its December 23, 2019 opinion does not warrant certification.

For these reasons, Defendant's motions for certification under 28 U.S.C. § 1292(b) is DENIED. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 40.

SO ORDERED.

Dated: February 11, 2020  
New York, New York

GREGORY H. WOODS  
United States District Judge